USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/31/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DAVID WILLIAMS, ADRIAN BROWN and
HILBURN WALKER, on behalf of themselves and
all others similarly situated,

                              Plaintiffs,

    -against-

EPIC SECURITY CORP. and SELWYN FALK,

                              Defendants.
------------------------------------------------------------ X

**ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

15 Civ. 5610 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the New York Labor Law, Article 6 § 190 *et seq*, on July 17, 2015. Plaintiffs alleged that their employer, Defendant EPIC Security Corp. ("EPIC") and its Vice President, Defendant Selwyn Falk, failed to compensate Plaintiffs for the time they spent driving to and from their worksites. According to the Complaint, Plaintiffs were required each day to report to company headquarters in Manhattan, pick up a company car, and drive to worksites where they were employed as security guards. I certified a collective class and approved proposed notices on November 28, 2016. *See* 29 U.S.C. § 216(b). Thirty six plaintiffs have since consented to join this action, additional to the three named plaintiffs. *See* Dkt. Nos. 41–74, 77-78, 80–82.

Defendants deny Plaintiffs' allegations and allege affirmatively that Plaintiffs were free to report directly to their worksites and that use of a company car was for Plaintiffs' "convenience as part of their commute." *See* Answer, Dkt. No. 101 at ¶ 35.

After discovery, Defendants move for summary judgment, Fed. R. Civ, P. 56, arguing that travel time is not compensable and that Plaintiffs' use of the company car was not a requirement of their job.

For the reasons discussed below, I find that there are material issues of fact and I deny summary judgment.

## FACTUAL BACKGROUND

Defendant EPIC Security, located at 2067 Broadway, between 71st and 72nd Street in Manhattan, provides security guard services, employing approximately 400 security guards and other personnel. *See* Rule 56.1 Statement, Dkt. No. 105, Ex. 17, at ¶¶ 6, 8.

Plaintiff David Williams was employed by EPIC for sixteen days in February 2013; Plaintiff Adrian Brown for 22 months, from February 2015 to December 2016; and Plaintiff Hilburn Walker for approximately three months, from June 2015 to August 2015. *Id.* at ¶¶ 10–12; Response Rule 56.1 Statement, Dkt. No. 109, Ex. 1, at ¶¶ 10–12.

As to named-Plaintiff Williams, the record is conflicting as to whether he was required to report to Manhattan before appearing at worksites. Williams testified that, despite living a 15 minute drive from Far Rockaway where his worksite was located, he was required first to report to the Manhattan headquarters and pick up a company car to drive to the worksite. Defendants contend that, as a result of the disruption to public transportation following Hurricane Sandy on October 29, 2012, Defendants had offered Williams the convenience and option of utilizing a company car for his commute. *Compare* Rule 56.1 Statement ¶¶ 29–31, *with* Response Rule 56.1 Statement ¶¶ 29–31. The record is silent as to the status of transportation between Williams' home and the Far Rockaway worksite in February 2013 during the 16 days Williams worked for EPIC, and I am not able to resolve this issue.

The record reflects conflicting evidence with respect to other plaintiffs, as well. For example, opt-in Plaintiff James Foster, who lived in Brooklyn and who was assigned to a worksite in Yonkers, testified that it was part of his job "and the custom of people covering that site" to report first to Manhattan, pick up a car, and then drive to Yonkers. Defendants contend

2

that Foster was provided the option of utilizing a company vehicle for his commute, but was not required to do so. *Compare* Rule 56.1 Statement ¶¶ 35–37, *with* Response Rule 56.1 Statement ¶¶ 35–37. Defendants state that one of the sites that Foster was assigned to was in Manhattan, and that he did not drive an EPIC vehicle to and from that site. *See* Reply Brief at 2. The record does not show how many days and hours Foster drove to the non-Manhattan locations, and I am not able to resolve the issues presented.

Opt-in Plaintiff Aronolph Henriques testified that he drove his own car to the worksite, picked up an EPIC car stored on site, and spent 90 percent of his time patrolling in the EPIC car. *See* Dkt. No. 108, Ex. 5. Henriques testified that between five and ten times he also was required to bring the EPIC vehicle to a parking lot after his shift, and was not compensated for those five to ten times. *Compare* Rule 56.1 Statement ¶ 41, *with* Response Rule 56.1 Statement ¶ 41.

Named-Plaintiff Adrian Brown testified that each day, during his 22 months employment, he was required to report to EPIC's office in Manhattan to obtain a car for the day's work, wait for a car if one was not available, and then drive, often between an hour and two, to patrol in the EPIC car at his assigned location. *See* Dkt. No. 108, Ex. 3. It was not an option to drive first to Manhattan; it was required. Opt-in Plaintiff Michael Moulton testified in much the same way. *See* Dkt. No. 105, Ex. L. Defendants, however, contend to the contrary that Plaintiffs had the option to, and chose to, go to Manhattan first. *See* Rule 56.1 Statement ¶¶ 42–44.

Numerous EPIC client contracts provide that an EPIC vehicle will be present and patrol during the security guard shift. *See* Dkt. No. 108, Ex. 9; Response Rule 56.1 Statement ¶ 43.

## LEGAL STANDARD

A court should grant summary judgment if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must "view the evidence in the light most favorable to the party opposing summary judgment ... draw all reasonable inferences in favor of that party, and ... eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004). However, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation to defeat the summary judgment motion. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

The Portal–to–Portal Act exempts employers from having to compensate employees under the FLSA "for or on account of" time spent "traveling to and from the actual place of performance of the principal activity or activities" of employment and any activities which are "preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a). "[A]ny activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity.'" *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005). "Normal travel from home to work is not worktime." 29 C.F.R. § 785.35. However, "[w]here an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38.

## DISCUSSION

### I. Summary Judgment is Denied Since There are Material Facts in Dispute as to Whether Plaintiffs were Required to Report to the Manhattan Headquarters

Summary judgment cannot be granted since there are material facts in dispute. The record presents conflicting testimony as to whether Plaintiffs were required first to report to Manhattan to obtain company cars, or whether they were merely given the option to do so. The

4

record is similarly not clear if the use of company cars was primarily for the benefit of Plaintiffs' commute, or, instead, for the benefit of EPIC and its clients, many of whom contracted to have vehicles patrol their sites. With its centrally located cars, EPIC also benefited from the flexibility of deploying its security guards to locations not easily accessible via public transit.

Defendants argue from an opinion of the U.S. Court of Claims, *Adam v. United States*, No. 90-162C (Fed. Cl. Dec. 9, 2009), holding that driving a government-issued car to work does not make the commuting time compensable, that Plaintiffs utilizing EPIC cars "were not performing any security guard services . . . . [or] transporting any equipment . . . . [or] monitoring any communications . . . . [or] respond[ing] to an emergency. They were simply driving to their worksites." Brief at 15.

However, Plaintiffs testified that they were required, for the benefit of EPIC, first to report to EPIC's Manhattan headquarters, to pick up EPIC cars, and to receive instructions. *See* 29 C.F.R. § 785.38. They argue that their workday began upon arrival at EPIC's Manhattan headquarters, and that any further travel time is *not* commute time under the Portal-to-Portal Act. As one district court noted, regarding travel time between headquarters and worksites, the critical issue is "*when* and *where* the workday starts, for once it begins, the continuous workday rule applies and the Portal–to–Portal Act's exceptions for travel and preliminary activities are inapplicable." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 361 (E.D.N.Y. 2009) (emphasis in original) (summary judgment denied because of the dispute whether defendant employers required plaintiffs construction workers to report first to the Greenpoint shop before beginning their work at Manhattan worksites); *Hajny v. Best Roofing of New Jersey*, Inc., No. 11 CIV. 00173 LLS, 2011 WL 2493737, at *3 (S.D.N.Y. June 22, 2011) ("Plaintiffs' allegations regarding their travel from the shop to the job site fit squarely within [29 C.F.R. § 785.38]").

5

Here, the record is unclear for many Plaintiffs as to when their workday actually began. On summary judgment, I do not resolve factual issues; I find only that material issues exist.

## CONCLUSION

Defendants' motion for summary judgment is denied. The Clerk shall terminate the motion (Dkt. No. 105). Oral argument is cancelled, and the parties shall appear for a status conference on July 6, 2018, at 10:00 A.M., to further regulate proceedings.

SO ORDERED.

Dated: May 31, 2018 ~~June __, 2018~~
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge