UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID WILLIAMS, et al.,

        Plaintiffs.                                15 Civ. 5610 (SDA)

  -against-

EPIC SECURITY CORP. and SELWYN FALK,

        Defendants.
-----------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED by Plaintiffs David Williams, Mike Mitchell, Shakiema Cadora, Junior Etienne, Warren Richardson, and Jimmy Butler (together the "Plaintiffs")[1], and Defendants EPIC Security Corp., and Selwyn Falk (together the "Defendants") (collectively "the Parties") that in consideration of the mutual covenants and agreements set forth herein and subject to the terms and conditions hereof and therein, and for other good and valuable consideration provided in this Settlement Agreement and Release ("Agreement"), the sufficiency and receipt of which is hereby acknowledged, the Parties hereto, intending legally to be bound, agree as follows:

1. Defendants agree to make payment in an amount that totals Eighteen Thousand and Three Hundred and Seventy Six Dollars ($18,376.00) ("Settlement Amount"). Of the Settlement Amount:

    a. $3,796.00 shall be made payable to "David Williams". An IRS Form-1099 will be issued by Defendants for this amount to Plaintiff Williams;

---

[1] Since this agreement only applies to six Plantiffs in this case, "Plaintiffs" shall mean "Settling Plaintiffs," and is only meant to apply to the six Plaintiffs who are a party to this agreement.

1

b. $405.00 shall be made payable to "Mike Mitchell". An IRS Form-1099 will be issued by Defendants for this amount to Plaintiff Mitchell;

c. $8,984.00 shall be made payable to "Shakiema Cadora". An IRS Form-1099 will be issued by Defendants for this amount to Plaintiff Cadora;

d. $56.00 shall be made payable to "Junior Etienne." An IRS Form-1099 will be issued by Defendants for this amount to Plaintiff Etienne;

e. $1,635.00 shall be made payable to "Warren Richardson." An IRS Form-1099 will be issued by Defendants for this amount to Plaintiff Richardson.

f. $500.00 shall be made payable to "Jimmy Butler." An IRS Form-1099 will be issued by Defendants for this amount for Plaintiff Butler.

g. $3,000.00 shall be made payable to "Beranbaum Menken LLP" for Plaintiffs' legal fees and expenses. An IRS Form-1099 will be issue by Defendants for this amount to Beranbaum Menken LLP;

h. The checks relating to the amounts stated in Sub-Paragraphs 1(a) to 1(g) shall be delivered to Scott Simpson, Esq., Beranbaum Menken LLP, 80 Pine St, 33rd Floor, New York, New York 10005.

2. Plaintiffs agree to hold Defendants harmless, and indemnify Defendants from any payments they are required to make to any taxing authority resulting from the issuance of the above-referenced payments.

3. All Plaintiffs and Beranbaum Menken LLP shall provide to Defendants fully completed IRS Form W-9 before the Settlement Amount can be paid.

4. The Settlement Amount shall be paid on the later of the following dates:

   a. July 1, 2019; or

    b. within 15 days after the last of the following events has occurred: (i) receipt by Condon, Catina & Mara, PLLC ("Defendants' Counsel") of this Agreement signed by Plaintiffs; and (ii) the Court's approval of the terms and conditions of this Agreement.

5. The parties shall submit a Stipulation of Discontinuance to the Court within five (5) days after the checks for the Settlement Amount have been received by Beranbaum Menken LLP ("Plaintiff's Counsel").

6. In return for the Settlement Amount paid by Defendants and other valuable consideration and to the extent permitted by law, Plaintiffs release and forever discharge Defendants, their tenants, heirs, executors, employees, members, directors, officers, administrators, shareholders, managers, agents, affiliates, successors, and assigns, both individually and in their official capacities (all of whom jointly and severally with Defendants are referred to herein as the "Releasees") from any and all claims and causes of actions alleged, or wage and hour-related claims or causes of action that could have been alleged, and/or any wage and hour-related claims or causes of action based upon documents and information exchanged during discovery, in the case 15-cv-5610 (SDA) currently filed in the United States District Court for the Southern District of New York ("Federal Case"), which includes those arising under any federal, state or local, wage-hour, or labor laws and/or regulations, against Releasees, from the beginning of the world to the date of this Agreement's execution by the Parties. This includes the filing of any appeals in relation to this case.

7. This Settlement Agreement shall be submitted in a joint submission to the Court which has jurisdiction over the Federal Case for approval.

8. Nothing in this Agreement prevents Plaintiffs from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, or any other federal, state or local agency charged with the enforcement of any laws.

9. Nothing in this Agreement shall limit Plaintiffs' right to file a whistleblower claim with the Securities Exchange Commission ("SEC") and to collect an incentive award from the SEC pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act.

10. To the extent permitted by law, should Plaintiffs be compelled to provide testimony before any federal or state agency or in any judicial proceeding on any issue involving or concerning Defendants, Plaintiffs hereby agree to provide Defendants within seventy-two (72) hours advanced notice of this fact and a copy of the subpoena or notice in advance of any such proceeding shall be provided to Condon, Catina & Mara PLLC, 55 Old Turnpike Road, Suite 502, Nanuet, New York 10954 (or the successor or designee of same) in order to permit Defendants to seek an injunction, protective order or other judicial relief.

11. Plaintiffs agree, acknowledge and understand that nothing contained in this Agreement is an admission of any liability, wrongdoing, breach of duty or unlawful conduct whatsoever or violation of any local, state or federal law, regulation or ordinance by any Releasee.

12. In the event either Party proves, in a Court of competent jurisdiction in New York State that the other Party, or any agent acting on their behalf, a breach of any provision of this Agreement by the other party, the Parties agree that the monetary

damages caused by or associated with such a breach of the Agreement by either Party are not readily subject to calculation. Therefore, the parties agree, in the event of a breach of this Agreement by any Party, the injured Party shall be entitled to recover whatever a Court of competent jurisdiction awards, including but not limited to liquidated damages and attorneys' fees.

13. This document sets forth the whole Agreement between the Parties.  Any changes to or termination of this Agreement must be in writing and signed by both Parties.

14. This Agreement may not be modified, altered or changed except upon express written consent of both the Releasing Plaintiffs and Defendants.

15. If a court of competent jurisdiction finds any provisions of this Agreement unenforceable under applicable law, the enforceability of all other provisions shall not be affected by such partial enforceability, and the remainder shall continue to be binding and in full force and effect.

16. To the extent any complaints, charges, lawsuits, claims, demands, appeals or actions have been filed by Plaintiffs without the knowledge of Defendants, the Parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

17. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

18. Plaintiffs and Defendants agree that this Agreement, and any disputes arising from therefrom, shall be governed by New York State law.

19. This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document.  All counterparts shall be

construed together and shall constitute one Agreement.  This Agreement, to the extent signed and delivered by means of a facsimile machine or email, shall be treated in all manner and respects as an original agreement or instrument and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

**SIGNATURES ON FOLLOWING PAGE**

**Plaintiffs:**

Dated:_____  _____
                                DAVID WILLIAMS

Dated:_____  _____
                                MIKE MITCHELL

Dated:_____  _____
                                SHAKIEMA CADORA

Dated:_____  _____
                                JUNIOR ETIENNE

Dated:_____  _____
                                WARREN RICHARDSON

Dated:_____  _____
                                JIMMY BUTLER

**Defendants:**

Dated: May 2, 2019             EPIC SECURITY CORP.
                                By: DR. MARK LERNER

                                Signature:_____
                                     MARK LERNER  -  PRESIDENT

Dated: May 2, 2019             _____
                                SELWYN FALK

7

**Plaintiffs:**

Dated: 5/2/2019                          _____
                                         DAVID WILLIAMS

Dated: 4-31-2019                         _____
                                         MIKE MITCHELL

Dated:_____                _____
                                         SHAKIEMA CADORA

Dated:_____                _____
                                         JUNIOR ETIENNE

Dated: 5-2-19                            _____
                                         WARREN RICHARDSON

Dated: 5-02-19                           _____
                                         JIMMY BUTLER

**Defendants:**

Dated:_____                EPIC SECURITY CORP.
                                         By: DR. MARK LERNER

                                         Signature:_____

Dated:_____                _____
                                         SELWYN FALK

7

**Plaintiffs:**

Dated:_____   _____
                               DAVID WILLIAMS

Dated:_____   _____
                               MIKE MITCHELL

Dated: 5-3-19                  _____S. Cadora_____
                               SHAKIEMA CADORA

Dated:_____   _____
                               JUNIOR ETIENNE

Dated:_____   _____
                               WARREN RICHARDSON

Dated:_____   _____
                               JIMMY BUTLER

**Defendants:**

Dated:_____   EPIC SECURITY CORP.
                               By: DR. MARK LERNER

                               Signature:_____

Dated:_____   _____
                               SELWYN FALK

7